## Christian Long's Estate.   John L. Barner's Appeal.

*Appeals—Opening executor's account—Interlocutory order—Executors and administrators.*

No appeal lies from an order of the orphans' court opening a decree of confirmation of an executor's account upon an application promptly made by one who was a minor, unrepresented by guardian or otherwise, when the account was filed.

In such case, where the allegations in the petition are specifically denied by the answer, and no testimony is taken to support the averments of the petition, the only matter in dispute which the orphans' court can dispose of on bill and answer is the amount of compensation to which the executor is entitled for his services.

An order opening a decree of confirmation of an executor's account should state as to which items the account is opened and a re-examination allowed.

Argued May 1, 1895.   Appeal, No. 310, Jan. T., 1895, by John L. Barner, from decree of O. C. Cumberland County, opening confirmation of executor's account.   Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.   Appeal quashed.

Petition to set aside confirmation of executor's account.

From the record it appeared that the executor filed a first and partial account on Feb. 11, 1893, which was confirmed without exceptions being filed on March 14, 1893.   In his account he charged himself with $342,793.81, and took credit with disbursements and allowance to himself of $32,150.87.   To his account was added a suggestion that he has received payment of the principal of certain items in the inventory in cash $16,735.84, and by conveyance of land $2,844.   By the will of Christian Long, J. L. Barner, the executor, was made a trustee to hold almost all the personal estate and a portion of the realty for the period of twenty years, " paying, however, any accumulation greater than may be necessary to pay taxes, insurance, etc., to the six children of the testator or their lineal descendants, should they die before the expiration of said period, and at the termination of said twenty years to sell the same and distribute it as is provided with reference to the income of the property so given in trust."

One of the children of the testator, is Lauretta Loh, who has a minor daughter, named Mabel Wade, who resides in the state of Virginia.   On April 11, 1893, Jas. H. Loh was appointed her guardian.   On May 18, following, he presented a petition to the orphans' court, setting forth that J. L. Barner, the executor, had claimed and been allowed credits in his accounts which were erroneous and improper.   That sums aggregating $1,642 had been paid to Charles Geiger without due proof, and that the same was for exorbitant charges for boarding and so forth. That the compensation for which the accountant took credit, to wit, $15,810.08, was largely in excess of what he was legally entitled to, as not more than $50,000 of the estate had been administered on.   That in the debit side of the account upon which the charges for commissions are based is an item of $26,000, which is no part of the general estate, but a trust fund for the use of the children of Ira L. Long, deceased.

"It is further stated in the petition that no part of the fund in the hands of the executor has been distributed, and that at the time of the confirmation of the account said Mabel Wade had no one legally authorized to represent her, and that she had no knowledge of the matters complained of, and she therefore prayed for a rule upon the said J. L. Barner to show cause why his account should not be reviewed and such relief given her as justice and equity would require.

To this petition answer was made by J. L. Barner that "it was not true that the payments made to Chas. Geiger were without due proof or that his charges were exorbitant; but that his bills were carefully examined, the charges found to be moderate and correct, and the estate liable therefor." It was also denied that "the compensation charged by him was excessive or that only $50,000 of the estate had been administered upon, and it is asserted that the accountant charged himself with the whole of the appraisement deducting therefrom certain items specifically set forth, and also charging himself with numerous items received for dividends and so forth, due before the testator's death, but unknown to the respondent at the time of the appraisement; that he reserved the right to ask credit in a future account for such items in the inventory as shall not be collectible, it being impossible at the time to designate them with certainty." He averred that the "whole personal estate on the debit side of the account of the estate has been administered upon and that he never intended to make any future charge for services in relation to any item contained therein." He also stated that "the testator died seized of a large amount of real estate located in different states of the Union for which in the terms of the will he will not be allowed any compensation." He denied "the allegation in the petition in reference to the condition under which a farm was devised to him by the testator." He declared that the item of $26,000 referred to is a part of the testator's estate and has given him unusual labor. He further set forth that $2,147.91 had been paid to the distributees prior to the audit and that during its pendency $2,110 additional had been paid, and that Mabel M. Wade resided near the borough of Shippensburg ever since the first of October, 1892. The answer also averred that J. W. Eckles, Esq., was appointed an auditor on March 14, 1893, to distribute the

amount in the hands of the accountant, and that the auditor met parties interested on April 6 and April 13, 1893, and that Jas. H. Loh was notified of the latter meeting. It was also averred that the report of the auditor was filed and confirmed May 15, 1893, and that the petition of Jas. H. Loh as guardian was not presented until three days after.

To the answer of the respondent was attached a declaration signed by five of the children and three of the grandchildren of the testator to the effect that they were satisfied with the accounts of the executor, disapproved of the proceedings instituted by Jas. H. Loh as guardian, and praying that the same might be dismissed. No depositions were taken.

The court entered the following decree:

" And now the 5th day of January, 1895, the confirmation of the first and partial account of John L. Barner, executor of Christian Long, made on the 14th day of March, 1893, is hereby vacated and set aside and Jas. H. Loh, guardian of Mabel M. Wade, is authorized to file exceptions on her behalf to said account, provided the same is done within twenty days from the date of this order."

*Error assigned* was above decree.

The appellee moved to quash the appeal.

*A. G. Miller*, for appellee, in support of motion to quash the appeal.

There is no authority for an appeal from such an interlocutory order in the orphans' court. The practice is to let the parties wait until the power of the court has been exhausted and a final decree made : Eckfeldt's App., 13 Pa. 171; Barbara Gesell's App., 84 Pa. 238; Bishop's App., 26 Pa. 470; Jones's App., 99 Pa. 124.

We have with considerable care made an extended examination of the cases in this state in which appeals have been taken. We have found no case in which there had not been a final decree, either in a sense of a decree against the petitioner and a refusal to grant the bill of review, or where the rehearing was granted and the questions therein were heard and considered and then a final decree made.

The cases may be classified as follows:

1. Cases where there was a refusal to grant the bill of review: Neisly's App., 8 Pa. 457; Hartman's App., 36 Pa. 70; Le-Moyne's App., 104 Pa. 321; Green's App., 59 Pa. 235; Kachlein's App., 5 Pa. 95; George's App., 12 Pa. 260; Bunting's App., 4 W. & S. 469; Meckel's App., 112 Pa. 554; Yeager's App., 34 Pa. 173; Russell's App., 34 Pa. 258; Hartz's App., 2 Gr. 83; Keim's App., 125 Pa. 480; Kuhns's App., 87 Pa. 100; Hamill's App., 88 Pa. 363; Milligan's App., 82 Pa. 389; Gosner's Est., 133 Pa. 528; McNeel's Est., 68 Pa. 412; Bishop's Est., 10 Pa. 469.

2. Cases showing that a readjudication followed the opening of the account, and no appeal except from the final decree: Briggs's App., 5 Watts, 91; Simpson's App., 18 W. N. C. 175; Young's App., 99 Pa. 74; Cramp's App., 81 Pa. 90; Whelen's App., 70 Pa. 410; Priestley's App., 127 Pa. 420; Milnes' App., 99 Pa. 483; Scott's App., 112 Pa. 427; Lehr's App., 98 Pa. 25; Kost's App., 107 Pa. 143; Kinter's App., 62 Pa. 318; Jones's App., 99 Pa. 124; Bishop's App., 26 Pa. 470; Riddle's Est., 19 Pa. 431; Stevenson's Exr.'s App., 32 Pa. 318; Stewart's App., 86 Pa. 149; Charlton's App., 88 Pa. 476.

*Edward B. Watts*, for appellant, contra.

OPINION BY MR. JUSTICE WILLIAMS, May 20, 1895:

Christian Long died in January, 1892, disposing by his last will and testament of an estate estimated at about one half million of dollars. The appellant John L. Barner was named as his executor, and after the death of Long proceeded to make probate of the will and take letters testamentary. In March, 1893, he settled an account, which is described in the petition as a partial account, and which was at that time confirmed nisi. It was finally confirmed early in May. On the 18th day of May the petition of Mabel M. Wade of Alexandria, Va., by her guardian James H. Loh, was presented in the orphans' court, asking to have the decree of confirmation set aside or opened, and the account re-examined as to several items specified in the petition. A rule to show cause was granted, upon which the appellant came in and made answer distinctly denying the several allegations on which the prayer for relief in the petition

rested.   No testimony seems to have been taken to dispose of
the issues so made, but the rule was taken up for hearing on
petition and answer and made absolute generally.   The order
appealed from is thus seen to be an interlocutory one.   It opens
a decree of confirmation upon an application promptly made by
one who was a minor when the account was filed, and unrepre-
sented by a guardian or otherwise.   No appeal lies from such
an order : Jones' Appeal, 99 Pa. 124.   But as we have the pa-
pers before us we feel that it is proper for us to speak of the
practice in these cases and the course this proceeding ought
now to take.   The only item among those enumerated as mis-
taken or erroneous that could be disposed of by the orphans'
court without testimony was that of compensation.   A distinct
issue of fact was raised by the answer as to the others, and upon
this issue the answer must stand until overcome by evidence.
The only subject that is open to examination therefore under
the order now made by the orphans' court is that of the com-
pensation to which the executor is entitled for his services be-
tween the probate of the will and the filing of his account.

If the petitioner desires to go further than this he must take
up the burden that the answer imposes upon him and satisfy
the court by the evidence that he shall produce that such items
or some of them should be re-examined ; and the order made
should state the items as to which the account is opened and a
re-examination allowed.

The motion to quash is sustained and the record remitted to
the orphans' court, that further proceedings may be had in ac-
cordance with this opinion.