Estate of Henry Worthington, deceased. Appeal of Charity P. Worthington.

*Practice, O. C.—Equity—Pleading—Effect of replication—Hearing on bill, answer and replication.*

Proceedings in the orphans' court must have the substance of equitable form if not its technical nicety. The proper mode of proceedings is by petition, answer and replication, in which the substantial requisites making out a case should appear. A replication in equity is the plaintiff's answer or reply to defendant's plea or answer. If it be a general denial of the truth thereof, matter alleged in the answer must be proved. If it confines the denial to averring that the answer was untrue in certain particulars, but omits to deny or demand proof of material facts set out in the answer, an agreement that the case be disposed of on petition, answer and replication warrants the court in treating relevant facts averred in the answer and not denied in the replication as admitted.

Argued Jan. 12, 1898. Appeal, No. 37, Jan. T., 1898, by Charity P. Worthington, from decree of O. C. Luzerne Co., No. 177, of 1880, dismissing petition praying for an accounting in the estate of Henry Worthington, deceased. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Petition for accounting by administratrix. Before DARTE, P. J.

Charity P. Worthington filed a petition as the executrix and devisee of William Worthington, deceased, who was the son and heir of Henry Worthington, deceased, who died intestate in 1880, setting out that Alice Worthington, his widow, as administratrix, had never accounted, and praying for citation. The administratrix filed an answer, admitting administration and that she had never accounted, but set up that the petitioner was estopped from asking her to account, alleging an agreement purporting to have been made and signed in 1890, wherein she alleged a full settlement was made of both real estate and personal property, which she alleged the petitioner and her husband through whom she claimed, had executed, and that this agreement estopped her from asking an accounting.

The petitioner filed a replication setting out, inter alia, that the said paper was not executed by her, and that at the time the said paper was alleged to have been executed some of the parties who signed the same were not of full age.

The paper or release referred to purported to be signed by all the heirs and the children of Henry Worthington, and among them by petitioner's husband, William Worthington, and by petitioner herself, and purported to be a full release to Alice Worthington, as administratrix of her husband, "from all dividends, shares, claims, or demands on account of their respective shares of the estate, real or personal, and from any other matter, cause or thing whatsoever from said estate or on account of the administration thereof."

The court below held that the pleadings admitted the validity of the agreement, its signature. and execution, except as denied by the replication; that the signature of William Worthington, through which petitioner claimed, was not denied, and that therefore petitioner had no standing to call for an accounting. Petitioner appealed.

*Errors assigned* among others were (1) in holding that William Worthington, deceased, executed and delivered a paper to the administratrix which released her from accounting, that was not produced nor offered in evidence; (2) in not holding that the replication filed was sufficient to put the answer in issue, and in the absence of a rejoinder or testimony to decree an accounting by Alice Worthington, the administratrix; (3) in not finding that the only one interested in having an accounting was Charity P. Worthington, the widow and sole devisee of William Worthington, deceased, who had filed the replication, that the interests of all the others who are alleged to have signed the agreement in the personal and real estate of Henry Worthington, deceased, had been conveyed to William Worthington, deceased, the son and heir of said decedent.

*Michael Cannon,* for appellant.

*Geo. K. Powell,* with him *D. L. Rhone,* for appellee.

PER CURIAM, February 19, 1898:

The orphans' court is a court of equity within the limited sphere of its operations, and the proceedings should have the substance of equitable form, though not its technical nicety. The proper mode of proceeding in that court is by petition, answer, replication, etc., in which the substantial requisites making the case should appear: Steffy's Appeal, 76 Pa. 94. A replication in equity is the plaintiff's answer or reply to the defendant's plea or answer. If it be a general denial of the truth of the plea or answer, and an assertion of the truth and sufficiency of the bill, matter alleged in the answer in avoidance of the relief prayed for by the bill must be proved on the hearing. It is contended by the appellant that this general rule of pleading was applicable to the present proceeding; therefore the respondent should have been compelled to prove the execution of the paper set forth in her answer. In support of this contention her counsel cites Hengst's Appeal, 24 Pa. 413, which would, indeed, sustain her position if she had filed a general replication. But this she did not do, probably because she was required by the rules of the court below to swear to it. Be that as it may, she contented herself with averring

that the answer was untrue in certain particulars, not material in the proceeding, but omitted to deny or to demand proof of the execution of the release by William Worthington through whom she claims. This being the state of the pleadings, an agreement that the case should be disposed of on petition, answer and replication warranted the court in treating the relevant facts averred in the answer, and not denied in the replication, as admitted. See Russell's Appeal, 34 Pa. 258.

The case turned then upon the construction of the paper. The court below correctly construed it to mean that the parties executing it intended to release the respondent and her sureties from all liability to them for, or on account of, her administration of the estate of her husband.

The question of her rights in the partition proceeding referred to in the replication is not before us; nor was it before the orphans' court. It is sufficient for present purposes to say that the institution of that suit did not estop the respondent from pleading the release in answer to the citation to account for her administration of the personal estate.

The decree is affirmed and the appellant directed to pay the costs.