## Michener's Estate.

*Bill of review—Laches—Orphans' court—Decedents' estates.*

Where certain annuitants under a will are represented at the audit of the executor's account by an attorney acting under a writing in the nature of a power of attorney, and the court decrees that a mortgage be set aside in the hands of the executors to secure the payment of the annuities, and the annuitants accept the income therefrom for nearly

five years without objection, and it appears that they have suffered no loss, and have incurred no risk by the action of the court, they will not on a bill of review be heard to complain that their annuities were not charged upon the whole residuary estate under the terms of the will.

Argued March 31, 1909. Appeal, No. 71, Jan. T., 1909, by Emma Gertrude Rumsey et. al., from decree of O. C. Phila. Co., Jan. T., 1903, No. 575, dismissing petition for bill of review in Estate of Israel Michener, deceased. Before MITCHELL, C. J., FELL, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Petition for bill of review.

ASHMAN, P. J., filed the following opinion:

The petitioners are entitled under the will of the testator to the income of $15,000 each for life; on the death of the testator's wife or daughter, to the income for life to each of an additional sum of $5,000. The testator died December 30, 1893. In February, 1903, the petitioners with other parties in interest, authorized by a writing in the nature of a power of attorney, counsel to represent them at the audit of the executor's account. By the adjudication of that account which was confirmed by agreement of counsel for all parties, on April 7, 1903, the sum of $30,000 invested in a certain mortgage of that amount, was set aside in the hands of the executors, to secure the payment of the aforesaid income to the petitioners, and the income has ever since been regularly paid. The petitioners aver that they received no notice of the audit nor of the award, and that their earliest knowledge of the action of the court, was had in January, 1908. They aver that the income payable to them, and the principal out of which it arises, are, by the terms of the will, charged upon the residuary estate, and that it was error to award to them the security in question; and they pray that a sum shall be secured to them upon the residuary estate, sufficient to yield an assured income free from all contingencies.

Assuming the facts set up by the petitioners to be true, and their conclusions of law to be correct, their unexplained delay

of. four years and nine months, and their continuous receipt of income under the will during that period, are an acquiescence in the acts of the executors and of the court, which, of itself, effectually bars them from the relief prayed for: Scott's Appeal, 112 Pa. 427. They have not shown that they have suffered any loss nor incurred any risk by the acts now complained of. On the contrary, it is quite probable that the mortgage will yield a larger return than the income from the investments of the estate, which the testator directed to be averaged, and paid according to that average, to the cestuis que trusts.

For the reasons stated, the petition for review is dismissed.

*Error assigned* was decree dismissing the petition.

*Horace M. Rumsey*, for appellants.—We submit that the doctrine of laches cannot be applied where the petition relates to an error of law apparent on the face of the record, and no distribution has been made: George's Appeal, 12 Pa. 260; Johnson's App., 114 Pa. 132; Nimick's Est., 179 Pa. 591.

*John G. Johnson*, with him *Maurice Bower Saul*, for appellee.—Appellants have been guilty of such gross laches that they are wholly without equity: Scott's App., 112 Pa. 427.

PER CURIAM, May 20, 1909:

The decree is affirmed on the opinion of the court below.