### Roach's Estate.

*Taylor & McCarthy*, for petition; *Dillinger & Schneller*, for respondent.

STEWART, P. J., March 5, 1928.—This is a petition of review under section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447. The petition sets out in detail all the facts connected with the settlement of this estate. In the fourth paragraph it sets out specifically that exceptions were filed to the account covering the subject-matter afterwards passed on by the auditor and by the court, and in the seventeenth paragraph it is specifically averred that by a parol agreement between counsel the matter that was passed on by the auditor was to be (before the appointment of an auditor) raised by the filing of a petition for an auditor, and an answer that the same was not necessary so that the legal question could be determined by the court, and that, in violation of said agreement, counsel for the exceptant asked for the appointment

of an auditor. An answer was filed denying that oral agreement. No replication was filed to the answer, and we are again met with the situation, the legal effect of which we have often called attention to. See Russell's Administrator's Appeal, 34 Pa. 258; Priestley's Appeal, 127 Pa. 420, and Long's Estate, 168 Pa. 341. No depositions were taken, and, under the view of the learned counsel for the petitioner, the present matter is not one of pleading, nor is it one of evidence. They consider that, under the Fiduciaries Act, the application is a matter of right. No application to the auditor to place the costs on the exceptant was ever made, and no exception to his placing the costs on the estate was filed. We have only called attention to the pleadings to show that, before any expense was incurred, the learned counsel for the petitioner had in their minds the same position that they are now taking, that this estate ought not to be compelled to pay the costs of the audit, but that position nowhere appears on the record until this present application for a review. The matter could have been raised by an application to vacate the appointment of the auditor, or it could be raised by an exception to the report of the auditor imposing the costs on the estate. In the three cases cited by the learned counsel for the petitioner, Sharp's Estate, 1 Lehigh Val. Repr. 228; Gauff's Estate, 2 Lehigh Val. Repr. 245, and Grollman's Estate (No. 2), 273 Pa. 565, the matter was raised by exceptions. In the last case the request was made directly to the auditor to place the costs on the accountant. That was overruled, and an exception thereto was dismissed by the Orphans' Court, and from its refusal to sustain it an appeal was taken to the Supreme Court. (See page 567.)

The exceptions in this case were dismissed in an opinion filed by us on Jan. 3, 1927, and the auditor's report was confirmed absolutely. See 20 Northamp. Co. Repr. 356. The present proceeding was not filed until May 31, 1927. Tested by the well-known principles applicable to bills of review prior to the passage of the Fiduciaries Act of 1917, the petitioner would have no standing. It is true that in the cases cited by counsel for the petitioner, Sloan's Estate, 254 Pa. 346, and Chappell's Estate, 264 Pa. 486, it is held: "The orphans' court has power not only under the Act of Oct. 13, 1840, P. L. (1840) 1, but under its inherent power, to correct an erroneous decree. Under such power it may even protect parties from their own mistakes and blunders where no rights have changed in consequence of the decree." Substituting the Fiduciaries Act for the Act of Oct. 13, 1840, the same principle would apply, but even adopting the language just quoted, does equity, which, after all, is the guiding principle in Orphans' Court applications of this kind, require us to act where the result would work inequitably? If this matter had been promptly brought to the attention of the claimant, he might not have proceeded with his claim, and if it had been done in the way suggested in the seventeenth paragraph, supra, there would have been no costs. In certain cases, the maxim "Interest reipublicæ ut sit finis litium" has been applied. In Scott's Appeal, 112 Pa. 427, it is said: "There is no allegation of after-discovered evidence which they could not have produced at the original adjudication. There is only the allegation that they did not attend to their business because it was inconvenient to do so. This is not sufficient. They cannot have a solemn adjudication opened and the public time consumed for such a reason. Something is due to the finality of judicial proceedings." To the same effect is Priestley's Appeal, 127 Pa. 420. The maxim should be applied in this case, unless the 48th section of the Fiduciaries Act makes it mandatory on us to grant the petition. In addition to the cases cited by counsel, we have examined a number of decisions upon the subject, especially the opinion of

Mr. Justice Sadler and the dissenting opinion of Mr. Chief Justice Moschzisker in Willing's Estate, 288 Pa. 337. The syllabus fairly states what was decided by the majority of the court, as follows: "The Fiduciaries Act of June 7, 1917, P. L. 447, broadens the power conferred on the orphans' court by the Act of October 13, 1840, P. L. (1841) 1, to grant a bill of review. Under the Act of 1917, relief should be granted where justice and equity require and no one suffers thereby, and no longer should be limited, as a matter of right, to cases where errors of law appear on the face of the record or where new matters have arisen since the decree, and, as a matter of grace, upon subsequent discovery of new evidence as to facts upon which the decree was grounded which could not have been procured by the use of due diligence. Though the adjudication of an account becomes final and binds the parties as to what appears therein, unless later reviewed, still, to have such effect, it must properly call to the attention of the parties the specific matters to which they must object if dissatisfied." It is fair to deduce that if the items of the account had been specific enough to put the parties upon notice, they could not have had their review. It seems to have been conceded that the only matter before the court in that case was the determination of a legal question. In the prior case of Troutman's Estate, 270 Pa. 310, where the Supreme Court reversed the lower court for not granting the review, Mr. Justice Simpson, on page 320, calls attention to the fact that two of the petitioners were in military service at the time of the audit, a third was preparing to enter the service, a fourth was a minor, and that their counsel was in military service in France. He then said: "In the stress of wartimes, during 1917, when these accounts were filed, adjudicated and confirmed, appellant and his brothers were admittedly engaged or about to be engaged in the duty of helping their country in its time of need; and, hence, under such circumstances, the court could, entirely aside from the act, have wisely exercised the inherent power which it possesses and granted the review (Sloan's Estate, 254 Pa. 346), since, under the admitted facts, no one could possibly have suffered by its so doing. Of course, if the question at issue had been raised, contested and decided adversely, a petition of review could not be substituted for exceptions and an appeal; but it was not, and, under the Act of 1917, this would possibly be the only bar to the 'shall grant a rehearing of so much of said . . . adjudication . . . as is alleged to be error in said petition of review,' where, as here, admittedly the estate has not been distributed and nobody can be injured by granting the relief sought." In other words, the Supreme Court say that the words of the Fiduciaries Act will not apply "if the question at issue had been raised, contested and decided adversely," but the important words of the 48th section are "give such relief as equity and justice may require." Certainly, where counsel knew what their attitude with respect to the costs would be prior to the incurring of the costs, and where they never made any request before the auditor or the court to have them placed on the claimant, equity and justice will not require us to enable them to embark in new litigation, and this is the view that the Superior Court have taken of the matter in the late case of Braum's Estate, 90 Pa. Superior Ct. 448. Judge Trexler quoted the 48th section of the Act of 1917 in full, and reviewed Willing's Estate and Troutman's Estate, and then said: "The change in the law certainly does not compel the court to grant a review in every case. The grounds for a review must be stated in the petition, and, as stated above, when justice and equity require it, then the review is a matter of right. Certainly, the mere fact of asking for it does not settle the matter." That Judge Trexler's view is the proper one very plainly appears from a case

reported since the argument, Bailey's Estate, 291 Pa. 421. That case flatly decides that a review is not a matter of right. The syllabus is: "A review will be granted by the Orphans' Court only in accordance with the general principles governing bills of review in ordinary equity practice. A review is a matter of right where the bill is founded on errors of law appearing on the face of the record, or where new matter has arisen since the confirmation of the decree, or where justice and equity require, and no one will be injured thereby. The court will not go into the evidence at large to establish or support an objection based on a supposed error or mistake made by the court in the deduction therefrom; nor will it retry a case. A bill of review will not be considered where the issues were raised, contested and decided, nor will it operate as an exception or an appeal. . . . A review based on proof discovered since the decree or adjudication is not a matter of right, but rests in the sound discretion of the court. Such discretion is to be exercised cautiously and sparingly and only under circumstances which demonstrate it to be indispensable to the merits and justice of the cause. The new evidence relied on should be such as would cause the court to enter a judgment other than already entered; it must appear that the evidence was not available, and that it could not have been discovered before the judgment by the exercise of reasonable diligence." Each case must be governed by its circumstances, and for the reasons above given, we do not think that petitioner has made out a case.

And now, March 5, 1928, petition for a citation is dismissed.

From Henry D. Maxwell, Easton, Pa.