## Linnard's Estate.

*Frederick J. Shoyer*, for petitioner;  *A. H. Wintersteen*, for accountant.

VAN DUSEN, J., July 12, 1929.—This is a petition for review, to which an answer has been filed raising questions of law.

The petitioner, with the trust company, respondent, was an executor under her husband's will. She was also testamentary guardian of the estates of her two minor children, the remaindermen. Respondent was sole trustee, the terms of the trust being to pay the income to petitioner for life, with remainder to her children.

In 1921 petitioner and respondent, as executors, filed their first and final account, and by the adjudication now sought to be reviewed, the balance, $194,447.50, "composed as in the account stated," was awarded to the respondent as trustee for the uses and purposes contained in the will. The account clearly indicated the securities which formed part of the balance awarded by the adjudication.

In 1929, upon an account by the respondent, as trustee, the petitioner, as life-tenant, sought to surcharge the trustee in a sum equivalent to the amount of alleged shrinkage in value of the securities so accounted for, which shrinkage had taken place during the administration of the estate by the executors. The Auditing Judge very properly declined to hear testimony relating to the surcharge of the trustee at a time when it was acting solely as executor and to disturb the awards of the Auditing Judge. The present bill for review seeks to raise these questions.

Petitioner, in order to avoid liability for any laches upon her own part, avers in the petition: (1) That she was a non-resident; (2) that she had no knowledge or experience in the administration of decedents' estates, of the value of securities, or of the law as to the duties of executors; (3) that the respondent, co-executor, took possession of all the securities and exclusively administered the settlement of the estate; (4) that while she signed the account, it was prepared by the respondent and forwarded to her for execution; (5) that she had no notice of the audit; (6) that the attorney for the co-executors certified that notice to all of the parties had been given in New York; (7) that she had no independent counsel and never consulted or conferred with the co-counsel.

The claim of petitioner is based upon the liability on the part of her co-executor upon its failure to dispose of certain of the securities coming into its hands from the decedent, irrespective of the authority of retention conferred by the terms of the will.

The parties still remain the same, the trustee still holds the securities, and under the authority of Willing's Estate, 288 Pa. 337, petitioner claims that she is entitled to relief on the ground that justice and equity require it, and that no one will suffer thereby.

We are not convinced of the merit of her contention.

While the Orphans' Court, in addition to the provisions of the Fiduciaries Act, has the discretion, under its general equity powers, to permit a review, irrespective of the lapse of time, where the fund remains within its control and no rights of third parties have intervened (Given's Estate, 292 Pa. 483, 484), yet the court is not compelled to grant a review in every case. It is a matter of justice and equity, and the court will not exercise such discretion, except upon presentation of facts which warrant the relief sought: Braum's Estate, 90 Pa. Superior Ct. 448, 451.

It is axiomatic that ignorance of the law does not excuse. If the petitioner was ignorant and incompetent, as she alleged, she should not have undertaken the administration of this estate. She had the benefit of counsel. If she did not avail herself of his advice, she ought not now to complain. She signed the account, which plainly disclosed the retention of all the securities concerning which she now objects. All of the information was plainly before her. While acting as co-executrix she had an equal voice concerning the disposition with her co-executor of the securities in question. As life-tenant and as testamentary guardian of her minor children, she had full opportunity, as well as the duty, to raise all questions and to bring all matters before the Auditing Judge for his determination. Not having acted, and having permitted nearly eight years to have elapsed without any proceeding whatsoever being taken, we are of opinion that there is no justice or equity in her position which should move us to grant the relief for which she prays. The petition is dismissed.

LAMORELLE, P. J., did not sit.