## Queen Estate

*Maurice Levan*, for petitioner.
*Samuel C. Nissenbaum*, contra.

KLEIN, J., November 5, 1948.—On November 29, 1909, Emma Queen, decedent, placed a mortgage in the sum of $1,700 on premises 1719 North Woodstock Street, Philadelphia. On March 29, 1924, Elizabeth Taylor, petitioner, and her husband, John Taylor (now deceased), purchased the property, subject to this mortgage. Emma Queen died April 28, 1936, leaving

a will, naming as executors Mary Q. Davis, Elizabeth Geise and David Davis, respondents in these proceedings. No account has ever been filed by these executors.

Petitioner claims not only that she has paid this mortgage in full, but that she has overpaid to the extent of $520. In the petition which she filed, upon which a citation has been issued to the executors, petitioner requests:

1. That an account be filed of the administration of decedent's estate.

2. That the mortgage in question be satisfied of record.

3. That the executors deliver to petitioner full paid delinquent city and school tax receipts for the years 1930 to 1942, inclusive, and delinquent water rent receipts for the years 1937 to 1944, inclusive.

4. That the executors deliver to petitioner the sum of $520 alleged to be the overpayment of principal of the mortgage.

Respondents have filed a responsive answer, in which they specifically deny that petitioner is a creditor of the estate. They deny that there has been any overpayment on the mortgage, but on the contrary, aver that there still remains a balance due under the mortgage of $1,275.74.

The law is settled that where a matter is heard on petition and answer, without proofs, the moving party must accept as verity the averments in the pleading of his adversary which are well pleaded and pertain to a consideration of the point to be determined at the particular hearing: DiTrolio v. Parisi, 317 Pa. 507 (1935). See also Long's Estate, 168 Pa. 341 (1895); Hober's Estate, 118 Pa. Superior Ct. 209 (1935). We must therefore assume, under the state of the present record, that petitioner is not a creditor of this estate and not entitled to the relief which she seeks.

Furthermore, there is considerable doubt as to the jurisdiction of the orphans' court to grant the relief being sought. But even if there was no question concerning our authority, we seriously doubt whether we would, as a practical matter, entertain jurisdiction of this cause at this stage of the proceedings.

After the passage of many years, the preparation of an account of the administration of an estate can be both burdensome and expensive, and we are reluctant to direct the filing of such an account except in cases where petitioner has clearly established his or her position as a creditor.

Petitioner in the present case can have all of the questions presented in her petition adjudicated at one time, quickly and inexpensively, in the courts of common pleas. If this court were to direct fiduciaries to account every time a dispute develops with a mortgage-debtor, an intolerable condition would result. Fiduciaries would be placed at the mercy of disgruntled debtors, who could thus subject them to considerable expense and harassment, unnecessarily, even, in some instances, mischievously or maliciously.

If petitioner, in proper proceedings brought in the common pleas court, establishes her right as a creditor, she can, at that time, take the necessary steps to enforce payment of any sum found to be due her, in this court. We, therefore, enter the following

### Decree

And now, November 5, 1948, the petition of Elizabeth Taylor is dismissed, without prejudice to her right to institute such proceedings as she deems proper in the common pleas court of this county to obtain the relief which she is now seeking, and with leave to again petition this court for an accounting, if and when her rights as a creditor of this estate are established in such proceedings.